# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHRISTOPHER MICHAEL DUNN,

        Plaintiff,

vs.                                      Case No.  5:24-cv-249-MMH-PRL

MOJO FAMILY, LLC,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action in state court on April 4, 2024, by filing a five-count Complaint premised on gender discrimination and retaliation.  <u>See</u> Complaint (Doc. 5).[1] Defendant removed the action to this Court on May 13, 2024.  <u>See</u> Notice of and Petition for Removal (Doc. 1).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  In <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit

---

[1] The Court notes that the Complaint contains five counts but two of them are labeled "Count IV."  <u>See</u> Complaint at 9, 11.  In addition, although it appears Plaintiff is a male, <u>see</u> Complaint ¶¶ 6, 25, there are places throughout the Complaint where counsel appears to have copied language from a previous pleading and refers to Plaintiff as a "female" or as "she."  <u>See, e.g.</u>, Complaint ¶¶ 46, 61-63, 65-66.  For the reasons set forth in this Order, the Court will direct Plaintiff to file a corrected complaint.  In doing so, Plaintiff should correct these scrivener's errors.  The corrected complaint should also comply with the typography requirements set forth in the Local Rules of this Court.  <u>See</u> Local Rule 1.08, United States District Court, Middle District of Florida (Local Rule(s)).

identified four types of "shotgun" pleadings.  See id. at 1321–23.  As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief."  Id. at 1322–23 n.13 (collecting cases).  Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."  See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Plaintiff asserts claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 et seq. and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10.  However, upon review, Plaintiff's allegations blend various forms of sex discrimination within each Count such that it is unclear what claims he is intending to raise.  This problem is particularly apparent in Counts I and III.  Because Plaintiff uses only vague, boilerplate language to assert his claims, the Court cannot discern whether Counts I and III, titled "Gender/Sex Discrimination," are premised on

a theory of disparate treatment, hostile work environment, or both.[2]  Likewise, although Counts II and IV are labeled as retaliation claims, within those Counts, Plaintiff includes boilerplate language concerning discrimination.  See, e.g., Complaint ¶¶ 38, 40, 57, 59.  This lack of clarity is exacerbated by Plaintiff's failure to distinguish which facts support which claims—he incorporates by reference all factual allegations into all counts and refers only to "the conduct described above" or the "foregoing allegations" as the basis for each claim.  See Complaint ¶¶ 24, 26, 35, 37, 43, 45, 54, 56, 59, 61.

Notably, in closely analogous circumstances, the Eleventh Circuit has found this manner of pleading to be improper.  See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation).  Accordingly, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint that sets forth each of his claims for relief in a separate count.  See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun

---

[2] For example, it appears that Plaintiff most likely intends to assert an FCRA claim for hostile work environment in Count I.  Yet, Plaintiff also includes a separate count, on page eleven, expressly labeled "Hostile Work Environment in Violation of the FCRA" which is premised on the same factual allegations.  As such, it is unclear to the Court what distinct theory of discrimination is being asserted in Count I, and for that matter, the analogous Title VII claim in Count III.  Before filing his amended complaint, Plaintiff's counsel should stop to consider the precise forms of discrimination or retaliation he intends to raise, the elements of each type of claim, and which factual allegations are relevant to which claims.

pleading the district court should <u>sua</u> <u>sponte</u> strike the pleading and direct the plaintiff to file a more definite statement).  Thus, if Plaintiff intends to assert both disparate treatment and substantive hostile work environment claims, he must set forth those claims in separate counts and identify the specific factual allegations on which each claim is based.  See <u>Palmer</u>, 418 F. App'x at 899–90 (finding that the mere use of the words "harassed" and "hostile" in a discrimination claim "neither stated a plausible claim for relief nor provided [defendant] with sufficient notice to defend against a harassment or hostile work environment claim").

Accordingly, it is

**ORDERED**:

1.   The Complaint (Doc. 5) is **STRICKEN**.

2.   Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **June 6, 2024**.  Failure to do so may result in a dismissal of this action.

_____

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3.    Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, this 16th day of May, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties